Angelo P. CIPRARI, Plaintiff-Appellant,

v.

SERVICOS AEREOS CRUZEIRO do sul,
S. A. (CRUZEIRO), Defendant-
Appellee.

No. 334, Docket 30145.

United States Court of Appeals
Second Circuit.

Argued April 12, 1966.

Decided May 13, 1966.

Lee S. Kreindler, New York City (Milton G. Sincoff, Gerald A. Robbie, Kreindler & Kreindler, New York City, on the brief), for plaintiff-appellant.

Robert B. von Mehren, New York City (Samuel E. Gates, John D. Niles, and Debevoise, Plimpton, Lyons & Gates, New York City, on the brief), for defendant-appellee.

1. Arauz v. Canal Zone Bus Service, Inc., D.C.C.Z.1965, 239 F.Supp. 355.

Before LUMBARD, Chief Judge, and WATERMAN and ANDERSON, Circuit Judges.

PER CURIAM:

We affirm the order of the United States District Court for the Southern District of New York which granted partial summary judgment for the defendant dismissing plaintiff's first cause of action which sought damages for personal injuries suffered in an airplane crash in Brazil in defendant's aircraft which plaintiff, a resident of New York, had boarded in Brazil after purchasing his ticket there, for the reasons stated by Judge Wyatt in his opinion, reported at 245 F.Supp. 819 (1965), which analyzes the governing New York law. As defendant had already disbursed for the plaintiff a sum in excess of the maximum amount reasonable under Brazilian law, the district court held no further recovery could be had.

WATERMAN, Circuit Judge (concurring):

I concur in affirming the order below.

I do so because, despite the fact that the rights of a United States national injured within the territory of a sister nation would seem to require the application of a uniform federal international law, we, as of now, are bound here not by federal precedents striving to reach a uniformly national result, but by the choice-of-law law of the State of New York as that law has been pronounced by its court of last resort. Inasmuch as appellant bought his ticket in Brazil as a farepaying passenger upon a Brazilian airline to a destination in Brazil and was injured in Brazil as the airplane approached that destination, the sharply divided New York Court of Appeals apparently would hold that the Brazilian limitation upon the maximum amount recoverable in Brazil would be accepted in New York as determinative of appellant's maximum recovery against that airline in New York. See opinion for the four-judge majority of the seven-judge court in Dym v. Gordon, 16 N.Y.2d 120, 262 N.Y.S.2d 463, and the dissenting opinions for themselves and Judge Bergan by Fuld, J., at 129, 262 N.Y.S.2d at 470, and Desmond, C. J., at 134, 262 N.Y.S.2d at 474.

Pursuant to the mandates laid down in Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) and Klaxon Co. v. Stentor E. Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), we cannot here do more than accept the result reached below on the authority of Dym v. Gordon, and in this fast-moving area of the law that is all we should do now. It might well be that the problems that continually arise these days in this area could suggest a new look at *Klaxon.*